STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALAK BAALIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1433 RLW |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Malak Baalim, also known as Norbert K.O. Cody II, brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court on two motions from Plaintiff: (1) a motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs, and (2) a motion to quash grand jury and dismiss indictment. ECF Nos. 2 & 5. Having reviewed the motion to proceed without prepayment and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Further, after reviewing the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. As such, Plaintiff's motion to quash and dismiss indictment will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff is a pretrial detainee at the St. Louis City Justice Center.  ECF No. 6 at 2 & 4.  Plaintiff submitted a motion to proceed in the district court without prepaying fees or costs.  ECF No. 2.  Although the form states that an inmate must submit a certified prison account statement, Plaintiff has not done so.  In his affidavit, however, he states that he has no job, no income, no assets, and no money in his prison account.  Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").  If Plaintiff is unable to pay this initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is malicious when it is undertaken with the intent to harass or if it is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

## Background

Plaintiff initiated this suit on December 6, 2021, by filing a complaint alleging civil rights violations against four defendants involved in his ongoing criminal prosecution in Missouri state court. ECF No. 1. On February 25, 2022, Plaintiff requested leave to amend his complaint in this

matter. ECF Nos. 3. The Court granted his request and gave Plaintiff until March 30, 2022, to file an amended complaint. ECF No. 4. On March 8, 2022, Plaintiff filed an Amended Complaint and a Motion to Quash Grand Jury and Dismiss Indictment, also related to his state court criminal matter.

Plaintiff's relevant state court matter is *State v. Cody*, No. 2022-CR-02131-01 (22nd Jud. Cir. 2021). A review of this case on Missouri Case.net, the State of Missouri's online docketing system,[1] shows that Plaintiff was charged on March 18, 2021, with one count of burglary in the second degree, one county of attempted stealing, one count of harassment in the first degree, and one count of harassment in the second degree. Plaintiff appeared for his arraignment on May 5, 2021. Plaintiff indicated that he did not wish to obtain counsel or have counsel appointed for him, but he refused to sign or acknowledge the waiver of counsel form. The circuit court entered a plea of not guilty on Plaintiff's behalf. On June 2, 2021, Plaintiff was released on bond but the bond was revoked on August 31, 2021, after Plaintiff failed to be fitted with a GPS ankle monitor as required by the court. Plaintiff was arrested in October 2021 and a public defender entered an appearance on his behalf. However, after Plaintiff moved to terminate his attorney's representation in December 2021, the Court ordered that Plaintiff submit to a mental evaluation to determine if he is competent to waive counsel. Plaintiff's state court case appears to be currently awaiting the results of that evaluation and is set for a status conference on May 5, 2022.

**The Amended Complaint**

As discussed above, Plaintiff is a pretrial detainee being held on state court charges at the St. Louis City Justice Center. His Amended Complaint for Violation of Civil Rights seeks relief

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

under 42 U.S.C. § 1983 against defendants: (1) State of Missouri; (2) Department of Corrections; (3) St. Louis City Sheriff's Department; and (4) St. Louis City Justice Center.  ECF No. 6 at 2-3.  Plaintiff also asserts claims under 28 U.S.C. § 2241 for "violation of Peace treaty 'El Morocco Peace & Friendship Treaty 1787, Article 7 and treaty of 1836.'"  Finally, Plaintiff alleges violations of his right to a speedy trial and "right of discharge" under Missouri state statutes, the Sixth Amendment, and the Fourteenth Amendment.  *Id.* at 3.

> Plaintiff states the following in support of his claims:
>
> The [Missouri] Court is in its 5th term and I motioned for speedy trial on 1/22/21 and haven't been given a trial.  No sufficient evidence was presented and no witness was present to support the allegations, and I haven't ask[ed] for one continuance.  The state is out of continuances and the indictment, information and complaint is no longer of use.  Yet they keep prosecuting me and the sheriffs wont release me.  I'm also held in violation of the El Morocco Peace and Friendship Treaty 1787, Article 7 as I am not a United States Citizen.
> …
> I appeared to the 22nd Judicial Court on 12/28/20, 1/4/21, 2/15/21, 3/17/21, 4/19/21, 5/5/21, 6/2/21, 8/5/21, 8/25/21, 10/13/21, & 12/17/21 and no witness was present or sufficient evidence. [T]he court continued the case instead of dismissal & they never set a trial.  The sheriffs transported me back to custody at St. Louis City Justice Center under Department of Corrections custody.

*Id.* at 4.

For relief, Plaintiff asks this Court to "enjoin, dismiss with prejudice, [and] stop [the] state prosecution (2022-CR02131-01)" and to "quash indictment and discharge."  *Id.* at 5.  Plaintiff alleges that as a result of his state court prosecution he has suffered "irreparable damages" including: a loss of family, business, and personal relationships; a financial loss from his "LLC's;" emotional distress; lack of nutrition; loss of energy, and loss of trust in the judicial system.  *Id.*

**Plaintiff's Prior Filings in this Court**

Plaintiff Malak Baalim, also known as Norbert K.O. Cody II, has filed many prior cases in this Court.  Relevant to this matter is a civil action Plaintiff filed in July 2021 seeking relief under 42 U.S.C. § 1983 against the State of Missouri and the Department of Corrections – both named

defendants in this case. *Baalim v. State of Mo.*, No. 4:21-cv-848-JCH (E.D. Mo.), filed July 13, 2021. In that case, Plaintiff alleged false imprisonment and unlawful incarceration in violation of the "El Morocco Peace and Friendship Treaty," based on the same underlying state court criminal prosecution that he disputes in this case. On August 20, 2021, the Court dismissed plaintiff's case under 28 U.S.C. § 1915(e)(2)(B) for multiple reasons. *Id.*, at ECF No. 8. The Court found Plaintiff's allegations to be legally frivolous and barred by the Eleventh Amendment. Also, to the extent Plaintiff was requesting the Court to enjoin, dismiss, or otherwise intervene in his ongoing state criminal proceeding, the Court found that his claims were barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

## Discussion

Although not precisely the same as Plaintiff's prior-filed-and-dismissed case in this Court, this case is very similar. Plaintiff asks the Court to enjoin, dismiss, or otherwise stop the state court prosecution against him. As discussed in the dismissal of Plaintiff's earlier case, such relief is barred by *Younger v. Harris*, which states that as a general rule of "national policy," a federal court may not stay or enjoin pending state court proceedings unless special circumstances exist. 401 U.S. 37, 41-49 (1971). In this case, the Court finds that no great and immediate injury will result if Plaintiff's state court case proceeds. Therefore, *Younger* bars Plaintiff's claims from proceeding in this matter. Furthermore, even if *Younger* did not bar Plaintiff's § 1983 claims, the Court finds that the four named defendants in this matter are either protected by sovereign immunity or are not suable defendants. This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### I. *Younger* Abstention

To the extent Plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state judicial proceeding, his claims are barred under the abstention

- 6 -

doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised in state court. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010).

There are exceptions to *Younger* where special circumstances exist. *Younger*, 401 U.S. at 41. Such special circumstances can be established where the "person about to be prosecuted in a state court can show that he will, if the proceedings in the state court is not enjoined, suffer irreparable damages." *Id.* at 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Further, such irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough. *Id.* at 45-46.

In this case, the only threat against Plaintiff is defending against this single state court prosecution. Although he asserts that he is suffering irreparable damages due to his pretrial confinement at the St. Louis Justice Center – such as loss of earnings, family time, and experiencing the conditions that come with confinement in a detention center – these are the normal results of pretrial confinement. In addition, this is a pretrial confinement Plaintiff could have avoided if he had complied with the state court's conditions of bond and been fitted with a GPS monitor. Plaintiff's claims regarding speedy trial and sufficiency of evidence can and should be raised in his state court case. As such, the Court finds that Plaintiff will not suffer great and immediate injury if his state court case proceeds. No special circumstances exist for this federal

court to intervene in Plaintiff's ongoing state court prosecution.  Plaintiff's claims are barred and, therefore, are subject to dismissal for failure to state a claim.

### II.     Failure to State a § 1983 Claim[2]

Even if Plaintiff's claims were not barred by *Younger* abstention, Plaintiff's Amended Complaint still fails to state a valid § 1983 claim.  Defendants State of Missouri and the state Division, Department of Corrections, are protected by immunity.  Further, defendants St. Louis City Sheriff's Department and St. Louis City Justice Center are not suable entities under § 1983.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).  The Eleventh Amendment has been held to confer immunity on a non-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)).  Defendants State of Missouri

---

[2]Although Plaintiff's complaint is brought under 42 U.S.C. § 1983, he mentions 28 U.S.C. § 2241 and speedy trial violations under both Missouri statute and the Sixth Amendment.  *See* ECF No. 6 at 3.  Federal courts do "not have jurisdiction under 28 U.S.C. § 2241 . . . to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986).  Rather, speedy trial claims based on state law and the actions of state officials must be addressed by a state court. *Id.*  With regard to any alleged Sixth Amendment claim, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)).  Therefore, although Plaintiff never states that he is seeking habeas relief, to the extent he is trying to state a 28 U.S.C. § 2241 speedy trial claim under state law or the Sixth Amendment, such allegations fail to state a claim upon which relief may be granted.

and Department of Corrections (as a division or agency of the State) are protected from immunity from Plaintiff's § 1983 claims.

Finally, the amended complaint is also subject to dismissal as to defendants St. Louis City Sheriff's Department and St. Louis City Justice Center because they are not juridical entities suable under § 1983. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). The Eighth Circuit holds that "pro se status does not excuse [Plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333, 333 (8th Cir. 2009). As such, Plaintiff's amended complaint fails to state a valid § 1983 claim against any of the named defendants.

**Conclusion**

This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. This Court will not interfere in an ongoing state court prosecution where Plaintiff can show no irreparable damages from allowing the state case to proceed. Plaintiff's requested relief of enjoining or dismissing his state court case is barred by *Younger* abstention. In addition, the allegations of Plaintiff's Amended Complaint fail to state a § 1983 claim for relief against any of the four named defendants.

The Court notes this is Plaintiff's second case against the State of Missouri seeking to enjoin the same state court prosecution. Plaintiff is warned that an action can be considered malicious when it is undertaken with the intent to harass, or if it is part of a longstanding pattern

of abusive and repetitious lawsuits.  *See Lindell*, 352 F.3d at 1109; *In re Tyler*, 839 F.2d at 1293. As such, Plaintiff is cautioned against future, repetitive litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 by **April 14, 2022**.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Amended Complaint as to defendants State of Missouri, Department of Corrections, St. Louis City Sheriff's Department or St. Louis City Justice Center because the Amended Complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash Grand Jury and Dismiss Indictment [ECF No. 5] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of March, 2022.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**